WILLIAM D. SHIPMAN *et al.*, Respondents, *v.* THE BANK OF THE STATE OF NEW YORK, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Reference. Compulsory.*—Where the trial of a cause will require the trial of at least twenty-one separate and distinct items, each of which depends on its own facts for its determination, it is a proper case for a reference.

2. *Same. Attorney's claim.*—The fact that a lawyer is one of the parties to the action will induce the court, if possible, to preserve the adverse party's right to a trial in the regular tribunal before a jury.

3. *Same. Amount involved.*—If the cause can be properly tried in court the magnitude of the sums involved in the litigation is a good reason for avoiding a reference.

*Wm. Allen Butler*, for appellant.

*Elihu Root*, for respondent.

CULLEN, J.—This is an appeal from an order referring the issues in the action to a referee to hear and determine.

The action is to recover the sum of $198,045.50, the alleged balance due from the˙ defendant to the plaintiffs as depositors in the former's bank.

The dispute between the parties is as to the right of the defendant to charge to the plaintiffs the amount of twenty-seven checks, drawn at different times by various persons, and as to which the plaintiffs claim the endorsements of the payees to have been forged. In effect, therefore, the action is to recover the amount of these twenty-seven checks. The plaintiff moved the special terms, on the pleadings in the action, and an affidavit stating that the trial of the issues would require the examination of a long account. From the order referring the issues for determination, and from the order granting that motion this appeal is taken.

That it was within the power of the court to refer the cause for trial is unquestionable. We do not understand this proposition to be disputed by the appellant. The sole question, therefore, before us is the propriety of the exercise of the power. The amount involved is very large.

The plaintiffs are lawyers, and the reference is made to a lawyer to determine their rights. These considerations should induce us to preserve, if possible, the defendant's right to a trial in the regular tribunal before a jury. With this disposition we have examined carefully the pleadings and the examination of Bedell, who forged the indorsement, to see if it were practicable that the case might· be tried before a jury, and have reached the conclusion that such a course would be impracticable. The twenty-seven checks represent at least. twenty-one different transactions. The appellants contend that upon the trial there will arise no complicated questions of account, but that the checks will be

resolved into two or three groups, and as to each group there will be but a single issue, or set of issues.

The examination of the pleadings and of the testimony of Bedell does not substantiate but controverts this claim. The answer sets up four defences : 1st, the statement of the account between the parties ; 2d, that the payees of the checks were fictitious persons ; 3d, an estoppel on the part of the plaintiffs, by reason of the authority they apparently gave Bedell in the management of their business ; 4th, the repayment to the firm of the amounts abstracted from their account by the fraudulent checks.

As to the first defense, it may be said that it presents but a single issue as to all the sums in dispute.

As to the second, the facts differ as to many of the different payees.

As to the third and fourth, it is apparent from the examination of Bedell that the history and circumstance of each check must be gone into, and that the rights of the parties will depend on the particular facts relating to each check. This is especially the case as to the question of the repayment of the amount of these checks, in the examination of which question, it seems to me, it will be necessary to go further, and enter upon the accounts between Bedell and the plaintiff's firm as to prior transactions. In other words, we think the trial of the cause will involve the trial of at least twenty-one separate and distinct items, each depending on its own facts for its determination. That such a set of issues cannot be disposed of by a jury trial is plain.

It is not necessary to review at length the cases cited by the defendant's counsel, to show under what circumstances references have been denied. In the case of Magown *v.* Sinclair (5 Daly, 63), the accounts were not in dispute ; the issue was but a single one, applicable to all the items of the account. It was whether Campbell & Co., who failed to pay over the proceeds of the sale, were the agents of the plaintiffs or of the defendants.

Statement of the Case.

In Ronald v. The Mechanics' National Bank (37 Supr. Ct. 208), the account was wholly collateral, and there was but a single issue to be tried. Morrison v. Horrocks, (40 Hun, 428) is not in point. The action was to set aside a sale for fraud and for an accounting. The account was not material till after the issue of fraud had been determined. Nor is this case similar, of several items of goods sold and delivered at one time, or several items of property covered by one insurance policy.

The questions of law that may arise on the trial of the case, we do not regard as more difficult than those frequently occurring on references. They are important, more from the magnitude of the sums here involved than from any intrinsic difficulty. This indeed, might be a good reason for avoiding the reference, if the cause could be tried in court; but we are clear that the mass of accounts is such as to prevent the proper presentation of the case to a jury, and to render it much more probable, that a just and discriminating decision will be rendered by a referee.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, Ch. J., and BARRETT, J., concur.